UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

NO. 15-108-JJB-RLB

TYRELL MALOID

## RULING

This matter is before the Court on a Motion to Reopen and Reconsider the Court's Ruling on Defendant's Motion to Suppress (Doc. 38) brought by the United States (the "Government"). The defendant, Tyrell Maloid, filed an opposition (Doc. 42). For the reasons stated herein, the Government's Motion to Reopen and Reconsider (Doc. 38) is **DENIED**.

## I.    BACKGROUND

On July 9, 2015, the defendant was indicted for knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and knowingly and intentionally possessing marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 844(a). The factual bases for the charges were addressed in a previous ruling, and will not be reiterated herein. *See Ruling*, Doc. 36. On September 22, 2015, the defendant filed a motion to suppress evidence discovered during the execution of a search warrant at his residence and statements given by the defendant during that search. *Mot. Suppress*, Doc. 20-1. Specifically, the defendant's motion argued for suppression on three grounds: (1) knock-and-announce; (2) *Miranda* waiver; and (3) voluntariness of the statement. *Id.* at 2–6. After receiving the Government's opposition (Doc. 23-1), the Court conducted a suppression hearing on October 29, 2015. The Court received post-hearing memoranda from both parties (Doc. 29, 34, 35).

On February 10, 2016, the Court issued a ruling that granted the motion to suppress as it pertained to the statements made subject to custodial interrogation and denied the motion as to the

physical evidence discovered during the search. *Ruling*, Doc. 36. The Court suppressed the

defendant's statements because the Government failed to meet its burden of proving that the

defendant validly waived his *Miranda* rights:

> [T]he evidence on record is devoid of any mention of whether the defendant actually understood the rights as read to him. In fact, no inquiry on the subject was made during the course of the suppression hearing. Instead, the Government relied on the fact that the defendant was read his *Miranda* rights and then subsequently made a statement. Without the further showing that the defendant *understood* those rights, the fact that he made a post-*Miranda* statement is insufficient to demonstrate a valid waiver of those rights. Because the Government failed to elicit testimony on whether the defendant understood his rights, its burden is not met, and the statements at issue—admitting possession of the contraband—must be suppressed.

*Id.* at 6. The Government now brings the instant motion asking the Court to reopen and reconsider

the Court's ruling on the defendant's motion to suppress.

## II.   DISCUSSION

The Government's motion asks for the Court to reopen the suppression hearing to "allow

the Government to present evidence on the issue of the voluntariness of the defendant's informed

waiver of his constitutional right to remain silent, and thereafter, reconsider its ruling on said

Motion." *Gov't's Mot.* 4, Doc. 38. In essence, the Government requests "the opportunity to present

additionally testimony of the agent(s)" on the issue of *Miranda* waiver. *Id.* at 3. In support for its

motion, the Government states that it did not "delve more deeply" into waiver of *Miranda* because

counsel for the Government "centered his energies on the clearly apparent issue complained of by

the defendant—failure of the search warrant to include the 'no-knock' language." *Id.*

The district court has "wide discretion in determining when to reopen an evidentiary

hearing." *United States v. Mercadel*, 75 Fed. App'x 983, 2003 WL 21766541, *6 (5th Cir. 2003)

(unpublished); *see United States v. Wilson*, 249 F.3d 363, 372 (5th Cir. 2001) ("The district court

has considerable discretion whether to consider evidence on a motion for rehearing, particularly

where the evidence was available and could have been presented in the initial hearing."), *abrogated on other grounds by Whitfield v. United States*, 543 U.S. 209, 214–18 (2005). The district court "abuses its discretion where *the new evidence* creates a genuine factual dispute on an outcome determinative fact." *Id.* (emphasis added) (citing *Wilson*, 249 F.3d at 372, 373 n.3).

Although the Fifth Circuit has not articulated a clear standard for reopening a suppression hearing,[1] it and other circuits focus on *newly discovered evidence* not available or known at the time of the original hearing. *See United States v. Watson*, 391 F. Supp. 2d 89 (D.D.C. 2005) (discussing the standards used in other circuits, and specifically mentioning that the Third and Sixth Circuits compare reopening suppression hearings to reopening proceedings generally, the Fifth Circuit's *Mercadel* case involving introduction of new evidence, and that the Seventh and Ninth Circuits focus on subsequent revelations). The Third Circuit emphasizes the moving party's proffered explanation—"In order to properly exercise its discretion the district court must evaluate that explanation and determine if it is both *reasonable*, and *adequate* to explain why the government initially failed to introduce evidence that may have been essential to meeting its burden of proof." *United States v. Kithcart*, 218 F.3d 213, 220 (3d Cir. 2000) (emphasis added). The Third Circuit further states that "courts should be extremely reluctant to grant reopenings," and that the court should focus on the prejudice to the opposing party if reopening is permitted. *Id.* at 219–20.

In this case, the Court, in its discretion, denies the Government's request to reopen the suppression hearing for several reasons. First, the Government's motion does not suggest that it has any *newly discovered* evidence not available or known during the initial suppression hearing.

---

[1] *See United States v. Mercadel*, 75 Fed. App'x 983, 2003 WL 21766541, *6 (5th Cir. 2003) (unpublished) ("Assuming arguendo that the district court applied the wrong legal standard," but not discussing the appropriate standard); *United States v. Lopez*, 284 Fed. App'x 156, 159 (5th Cir. 2008) (per curiam) (holding that the district court did not abuse its discretion "regardless of the precise standard to be applied").

Instead, the Government seeks to elicit further testimony from the agents regarding the defendant's understanding of his *Miranda* rights; if such testimony exists, it could have been elicited during the initial hearing had the Government directed the appropriate questions. Therefore, there is no "new evidence" that would create a genuine factual dispute on an outcome determinative fact.

Second, the Government did not provide the Court with adequate assurance that reopening the hearing will actually result in a different outcome based on evidence that will be presented. The motion did not include an affidavit of the agents stating that the defendant understood and acknowledged his rights per *Miranda*, but merely makes the unsworn, unsupported assertion that such testimony will be elicited. Arguments contained in a motion are not, themselves, evidence. Absent an affidavit from the agents, the Court does not give in to the fallacious assumption that the appropriate testimony would have originally been elicited had the Government inquired into the defendant's *Miranda* waiver, nor that such testimony will be elicited in a new hearing. An assumption can also be made that the Government did not elicit the testimony because it does not exist. The Government has presented no evidence to prove or disprove either assumption. Thus, the Government has not come forth with any *evidence* that the acknowledgement actually occurred and, therefore, that the outcome would be different if the Court reopened the hearing.

Finally, the Government's proffered reason for not presenting the waiver testimony during the initial suppression hearing is not reasonable or adequate under the circumstances. The Government's motion implies it was not given notice that the defendant contested the *Miranda* waiver. However, the defendant's motion clearly and unambiguously put *Miranda* waiver in issue, even including a subsection titled "The *Miranda* Waiver." *Mot. Suppress* 3–5, Doc. 20-1. The defendant concluded that subsection by stating that "this Court should hold a hearing at which the United States should show cause why the defendant's statement should not be suppressed by

showing that the defendant received the proper *Miranda* warnings prior to making his statement *and that his* Miranda *waiver was made voluntarily, knowingly, and intelligently*." *Id.* (emphasis added). In the Government's motion, counsel suggests that he did not elicit testimony regarding the defendant's waiver of *Miranda* because the "clearly apparent issue complained of by the defendant" was the failure of the search warrant to include "no-knock" language. *Gov't's Mot.* 3, Doc. 38. When a defendant's motion to suppress clearly addresses the issue of *Miranda* waiver—as is the case here—the Government must put forth evidence at the suppression hearing that the defendant validly waived his rights per *Miranda* regardless of the other arguments presented in the defendant's motion. *See Miranda v. Arizona*, 384 U.S. 436, 475 (1966) (stating that the Government bears a "heavy burden" to prove a valid *Miranda* waiver). To suggest that the Government need only address the knock-and-announce violation—a violation which does not result in exclusion of evidence—at a suppression hearing because the defendant emphasized the issue, is unreasonable and inadequate to explain why the Government disregarded its burden of proof on other matters, such as *Miranda*.

In making its determination, the Court balanced the interests of society, the explanation of the Government, the prejudice to the defendant, the defendant's constitutional rights, and the orderly administration of justice. After considering the lack of *new* evidence justifying reopening the hearing, the failure of the Government to provide the Court with *evidence* that would create a factual dispute, and the Government's proffered reasons, the Court utilizes its wide discretion to deny the Government's motion to reopen and reconsider its previous ruling on the defendant's motion to suppress.

**III.**     CONCLUSION

For the reasons stated above, the Government's Motion to Reopen and Reconsider (Doc.

38) is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 24, 2016.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

6